IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROGER EDWARD JEROME BIEROS,<br>           Petitioner<br><br>       VS.<br><br>SUPERINTENDENT KENNETH KYLER<br>(SCI at Huntingdon),<br>     AND<br>THE DISTRICT ATTORNEY OF<br>THE COUNTY OF PHILADELPHIA,<br>     AND<br>THE ATTORNEY GENERAL OF<br>THE STATE OF PENNSYLVANIA,<br>           Respondents | :<br>:    CIVIL ACTION<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    NO. 02-4453 |

<u>REPORT AND RECOMMENDATION</u>

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

Currently before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254,[1] by a prisoner incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. For the reasons that follow, it is recommended that the Petition be denied and dismissed without prejudice.

I.   PROCEDURAL HISTORY

On April 14, 2000, the Pennsylvania Board of Probation and Parole ("PBPP") rendered a decision to recommit petitioner to a state correctional institution for eighteen months pursuant to various technical parole violations including possession of

---

[1] A state prisoner must rely on § 2254 and not § 2241 when challenging the execution of his sentence. <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-86 (3d Cir. 2001).

firearms or other weapons and failure to refrain from assaultive behavior.  Two years later, on April 26, 2002, the PBPP ordered petitioner, now deemed a convicted parole violator, to serve the remainder of his sentence for attempted murder, aggravated assault, and possessing instruments of crime.

Petitioner promptly filed an administrative appeal with the PBPP on May 10, 2002.  Upon consideration of this appeal, the ultimately affirmed its decision.  Administrative appeal ¶ 2.  It explained petitioner's original maximum sentence was to expire on February 16, 2002.  Id.  Petitioner, however, was paroled on May 25, 1995, leaving six years, 8 months, and twenty-one days of his original sentence.  Id.  As petitioner was held in custody by authority of a Board warrant from November 8, 1999 to April 19, 2000 and June 13, 2001 to July 24, 2001, this time in custody counted toward petitioner's sentence, thereby reducing the unexpired time to six years, one month, and twenty-nine days.  Id. Petitioner was subsequently sentenced for his new convictions on January 29, 2002.  Taking all of these factors into consideration, the PBPP determined  that this date, plus the time remaining on petitioner's sentence, moved his new maximum expiration of sentence date to March 28, 2002.  Id.

After denial of his administrative appeal, petitioner initiated court proceedings on June 18, 2002 for review of the PBPP's decision to revoke his parole.  The Pennsylvania Commonwealth

Court appointed petitioner counsel and ordered that Petitioner's brief regarding this appeal be filed to the Pennsylvania Commonwealth Court by October 16, 2002.

On June 24, 2002, petitioner filed the instant <u>pro se</u> Petition for Writ of Habeas Corpus, containing various the following ascertainable claims:

1. Parole Board error in recommitting petitioner and recalculating his sentence, and

2. Denial of post-conviction counsel.

We now turn to a discussion of the issues before us.

II. FAILURE TO EXHAUST STATE COURT REMEDIES

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254 (c); <u>Castille v. Peoples</u>, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, <u>reh'g denied</u>, 490 U.S. 1076, 109 S. Ct. 2091 (1989). While exhaustion does not require state prisoners to "invoke extraordinary remedies," they must give the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 844. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state

courts.  Consequently, the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).  Habeas actions challenging revocation of parole proceed as any other habeas action -- the available state remedies must be exhausted before the federal court can address the petition.  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); Faulkner v. Pennsylvania Dept. of Corrections, Civ. A. No. 99-3228, 2002 WL 1901580, *2 (E.D. Pa. 2002).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise, they risk depriving the state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1983).

Respondent, in the case at bar, argues that petitioner has not yet exhausted his state court remedies.  As respondent highlights, petitioner currently has an appeal of his probation revocation pending before the Pennsylvania Commonwealth Court.  The issues that petitioner presents on appeal to the state court strongly resemble those in his habeas action.  If this Court were to deal with petitioner's habeas claims presently, we would infringe upon the state court's entitlement to have the first opportunity to address petitioner's issues.  Thus, with an action pending before state court, petitioner has yet to fully exhaust his state remedies, branding his habeas action unexhausted for purposes of

federal review.  As such, we must dismiss the petition.

As a final note, this dismissal is without prejudice, and does not preclude petitioner from returning to this Court again to seek review of his claims.  Rather, it merely mandates that before he does so, he exhaust all of his habeas claims in the state courts.

Therefore I make the following:

## RECOMMENDATION

AND NOW, this           day of *October*, 2002, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.  There is no probable cause to issue a certificate of appealability.

---
CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE